Sharon H. Sjostrom, ID #09836700
BLALACK & WILLIAMS, P.C.
5550 LBJ Freeway, Suite 400
Dallas, Texas 75240
214/630-1916; 214/630-1112 (fax)
Attorneys for Evangelical Christian Credit Union

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
(AUSTIN DIVISION)

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 CASE |
| | ) | |
| AUSTIN FULL GOSPEL HOLY TEMPLE | ) | CASE NO. 10-13381 |
| d/b/a RESTORATION TEMPLE OF | ) | |
| DELIVERANCE | ) | |
|     Debtor(s) | ) | |
| | ) | |

**OBJECTION OF EVANGELICAL CHRISTIAN CREDIT UNION TO
MOTION TO SET HEARING FOR CONDITIONAL APPROVAL OF DISCLOSURE**

TO THE HONORABLE JUDGE OF THE BANKRUPTCY COURT:

NOW COMES EVANGELICAL CHRISTIAN CREDIT UNION ("ECCU"), a secured creditor and party in interest in this case, and files this Objection to Motion to Set Hearing for Conditional Approval of Disclosure, and as grounds therefor would respectfully show the Court as follows:

**Specific Responses**

1. ECCU admits the allegations contained in paragraph 1 of the Motion.

2. ECCU admits the allegations contained in paragraph 2 of the Motion to the extent such allegations are not legal argument.

3. Paragraph 3 of the Motion contains legal argument and does not require a response.

4. Paragraphs 4 and 5 of the Motion contain requests for relief and do not require a response.

**Objections to Requested Relief**

14. ECCU objects that the Debtor has not filed an application to conditionally approve its disclosure statement as required by Fed. R. Bankr. P. 3017.1(a).

15. ECCU objects to the Plan of Reorganization and Supporting Disclosure for a Small Business Case Dated August 23, 2011 (the "Disclosure Statement") in that it does not provide adequate information and disclosures to enable creditors to make an informed decision regarding their rights under the Plan. In that regard, the Disclosure Statement is deficient in the following regards:

(a). The Disclosure provides no basis to support the projected income of the Debtor. The projected income comes solely from contributions from parishioners and pledged donations. Pledged donations total only $27,000.00. The Debtor expects offerings to increase but has no real evidence that donations will continue at the current rate or at the increased rate. Further disclosure should be made of the lack of certainty of future income.

(b). The Disclosure does not provide definitions or explanations of the expenses incurred by the Debtor listed in Article XVII such as "Benevolent Offering," "Contributions/Donations," "Credit Cards," "Personal Allowance," "Insurance," "Miscellaneous," "Pastoral Offering," "Program Costs," "Repairs/Maint.," "Telephone" and "Travel."

(c). The Disclosure does not provide sufficient information to allow creditors to determine how much of the income of the Debtor is actually paid to Bishop Horne through salary, allowances and through other benefits. ECCU suspects that many of the expenses of the Debtor are payments made for the benefit of Bishop Horne.

(d) The Disclosure does not provide sufficient information to allow ECCU to determine how the Debtor will make the balloon payment to ECCU at the end of sixty (60) months after the

Effective Date of the Plan. The Debtor admits that the reason it filed bankruptcy was because it could not obtain refinancing of ECCU's loan and it fails to explain why it will be able to obtain refinancing or payoff the loan in sixty (60) months.

(e). The Disclosure of Total Revenues in Section 17.02 for the months of February and March, 2011 are inaccurate. The total revenue for the month of February, 2011, based on the Debtor's bank account statement is $11, 314.12, not $14,242.32. The total revenue for the month of March, 2011, again based on the Debtor's bank account statement is $9,600.00, not $10,434.27. If the information was accurate, the average monthly revenue for the seven (7) months since the Debtor's filing of bankruptcy would be $10,091.53 with a corresponding annualized revenue of just $121,098.40. That annual revenue is less than the Debtor's projected expenses as set forth in Section17.03 of the Disclosure Statement. Accordingly, not only is the Disclosure Statement inaccurate, but it also misleads creditors as to the feasibility of the Plan. The Plan is not feasible.

(f). The Disclosure Statement does not describe what additional compensation is paid to Bishop Horne in the form of "Benevolence Offerings" which are taken once a year or in the form of bi-weekly offerings or other offerings taken specifically for Bishop Horne. Both offerings are separate and apart from the donations paid to the Debtor.

(g). The Disclosure Statement does not describe that the income of the Debtor is not subject to verification as donations may take the form of cash and may or may not be deposited into the Debtor's bank account.

(h). The Disclosure Statement does not indicate the basis for using a liquidation value of the Debtor's real property and vehicle at only 50% of the market value of the property in Section 18.03. Notwithstanding the fact that all creditors claims would be paid in full in the event of liquidation, the liquidation analysis is flawed using the 50% value.

  (i).  The Disclosure Statement does not describe why an interest rate of 4.25% per annum to be paid to ECCU would be a market rate of interest in light of the Debtor's credit.

  WHEREFORE, PREMISES CONSIDERED, ECCU prays that this Court determine that the Plan of Reorganization and Supporting Disclosure does not provide adequate information and deny conditional approval of the Disclosure Statement and grant such other and further relief as is just and proper.

        Respectfully submitted,

        BLALACK & WILLIAMS, P.C.
        Attorneys for ECCU

  BY: /s/ Sharon H. Sjostrom
     Sharon H. Sjostrom, ID #09836700
     5550 LBJ Freeway, Ste. 400
     Dallas, TX 75240
     214/630-1916; 214/630-1112 (fax)

## CERTIFICATE OF SERVICE

  The undersigned certifies that a true copy of the foregoing Motion was served upon Austin Full Gospel Holy Temple, Debtor(s), PO Box 151119, Austin, TX 78715; Barbara M. Barron, Attorney at Law, Barron & Newburger, P.C., 1212 Guadalupe, #104, Austin, TX 78701; upon the U.S. Trustee, 903 San Jacinto Blvd., Suite 230, Austin, TX 78701; and upon the parties listed below, representing all of the creditors, by first class mail, address service requested, or e-mail on this 30th day of August, 2011.

        /s/ Sharon H. Sjostrom
        Sharon H. Sjostrom

**Parties Requesting Service:**

Bank of America        Bankcard Services
PO Box 15184         PO Box 84016
Wilmington, DE 19850-5184    Columbus, GA 31908-4016

            GE Capital

c/o Kenneth G. Schivone
1942 Lexington Ave.
Roseville, MN 55113

Ally Financial
P.O. Box 9001948
Louisville, KY 40290-1948

Ally Financial, Inc. f/k/a GMAC, Inc.
P.O. Box 130424
Roseville, MN 55113-0004

Northern Leasing
132 31st St. 14th Floor
New York, NY 10001-3405

FIA Card Services, N.A.
1000 Samoset Drive
DE5-023-03-03
Newark, DE 79713-6000

      /s/ Sharon H. Sjostrom
Sharon Sjostrom